**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| TARSEM SINGH, | No. 06-72536 |
| Petitioner, | Agency No. A079-560-327 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2010[**]
San Francisco, California

Before: RYMER and N.R. SMITH, Circuit Judges, and LEIGHTON, District
Judge.[***]

Tarsem Singh, a native and citizen of India, petitions for review of the

decision by the Board of Immigration Appeals (BIA) denying his application for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ronald B. Leighton, United States District Judge for
the Western District of Washington, sitting by designation.

asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The BIA affirmed the immigration judge's (IJ) denial of relief based upon adverse credibility grounds. We have jurisdiction over this matter pursuant to 8 U.S.C. § 1252(a)(1). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility finding. The BIA identified two reasons for its finding—(1) the inconsistency between Singh's affidavit and his testimony and (2) the inconsistency between Singh's statements in his asylum interview (as reported in the asylum officer's Assessment of Referral) and his testimony. Singh did not challenge the BIA's finding that his affidavit was inconsistent with his testimony, thus he waived any challenge on this ground. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). To the extent the issue is not waived, substantial evidence supports the BIA's adverse credibility determination that (1) Singh's statements in his testimony and affidavit regarding details of Singh's first arrest were inconsistent and undermined Singh's claim of persecution and (2) Singh was unable to provide a satisfactory explanation for this inconsistency.

Even if the IJ should not have admitted the Assessment of Referral, there was no prejudice in its admission. *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) ("A showing of prejudice is essentially a demonstration that the alleged violation affected the outcome of the proceedings . . . ." (citation omitted)).

Singh's affidavit and the Assessment of Referral contained the same facts that were inconsistent with his testimony. Thus, the admission of the Assessment did not affect the outcome of the proceedings.

In the absence of credible testimony, Singh failed to demonstrate eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Because Singh's CAT claim is based on the same testimony found to be not credible, and he points to no other evidence the IJ should have considered, substantial evidence also supports the denial of CAT relief. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**